## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated, | : : : : | Case No. |
| Plaintiff, | : : | |
| v. | : : | JURY DEMANDED |
| CONSTELLATION ENERGY CORPORATION and ALLIANCE SHAREHOLDER COMMUNICATIONS, LLC | : : : : : | |
| Defendants. | : | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.     As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     Plaintiff Andrew Perrong alleges that Alliance Shareholder Communications, LLC ("Alliance Shareholder") sent pre-recorded telemarketing calls to his cellular telephone and those of other putative class members for the purposes of advertising Constellation Energy Corporation ("Constellation Energy") goods and services, which is prohibited by the TCPA.

3.      Because the calls to Plaintiff were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff bring this action on behalf of proposed nationwide a class of other persons who were sent the same illegal telemarketing calls.

4.      A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff Andrew Perrong is an individual.

6.      Defendant Alliance Shareholder Communications, LLC is a New Jersey limited liability company.

7.      Defendant Constellation Energy Corporation is a corporation headquartered in Baltimore, MD in this District.

## Jurisdiction & Venue

8.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9.      The Court has personal jurisdiction over Constellation Energy Corporation because it is a resident of this District. The Court has personal jurisdiction over Alliance Shareholder Communications because it worked with Constellation Energy Corporation in this District to organize the calling conduct at issue. Moreover, upon information and belief, the agreement between Constellation Energy Corporation and Alliance Shareholder Communications would have had any disputes between the two subject to Maryland law.

2

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant Constellation Energy Corporation resides in this District and organized the calling conduct at issue from this District.

## The Telephone Consumer Protection Act

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

12.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…or any service for which the called party is charged for the call."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

13.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

14.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used."  *In re Rules and Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (2003).

**Factual Allegations**

16.     Constellation Energy provides electric power, natural gas, and energy management services.

17.     Constellation Energy has shareholders and is a publicly traded company, trading under NASDAQ Ticker CEG.

18.     Constellation Energy engaged in a program to repurchase its stock under a buyback program.

19.     To solicit individuals to sell their stock back to Constellation Energy, Constellation engaged Alliance as its agent to contact individuals and inform them about buying Constellation stock.

20.     Alliance Shareholder telemarketing efforts include the use of automated pre-recorded message calls.

Call to Mr. Perrong

21.     Mr. Perrong is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22.     On March 24, 2022, Mr. Perrong received a pre-recorded call on his number for which he is charged per minute for the calls, 215-947-XXXX.

23.     That Number, which is assigned to a VoIP telephone service, is charged for each call it receives.

24.     The service charges a ring charge of $0.005 for the provision of Caller ID Name lookup information for each call placed to the Number, even if the call is not answered.

25.     The service also charges a per-minute charge of $0.004 per minute for voice charges for each minute of talk time, including voicemail time, for each call placed to the Number.

26. The Number is therefore "assigned to a . . . service for which the called party is charged for the call" and any calls placed to that number are subject to the restrictions enumerated in 47 U.S.C. § 227(b)(1)(A)(iii).

27. The number called had been on the National Do Not Call Registry.

28. The pre-recorded message stated:

> Good day, you recently received information in the mail regarding a voluntary program being offered to shareholders owning fewer than 100 shares of Constellation Energy common stock. This provides an opportunity to conveniently sell your shares of Constellation Energy to sell your shares through this program. Your properly completed acceptance card must be received by April 27, 2022. All terms in this program are contained in the letter that was recently mailed to you. If you have any further questions, please press one now to speak to a representative or if you've received this message on your voicemail, you may contact Alliance Shareholder Communications LLC, the manager of this program, toll free at 1-800-574-6107 between the hours of 9am and 5pm. Eastern time Monday through Friday. As a reminder, the program expires on April 27, 2022. Thank you and have a great day.

29. However, Mr. Perrong is not a shareholder of Constellation Energy.

30. Indeed, prior to filing this lawsuit, Mr. Perrong contacted Alliance Shareholder.

31. Mr. Perrong inquired how Alliance Shareholder obtained his phone number to make the pre-recorded call.

32. Alliance Shareholder did not respond.

33. The privacy of Mr. Perrong and the putative class members was infringed upon because the pre-recorded telemarketing calls occupied their telephone lines from legitimate communications.

## Constellation Energy's Liability for Alliance Shareholder's Conduct

34. The Federal Communication Commission ("FCC") is tasked with promulgating rules and orders related to enforcement of the TCPA. *See* 47 U.S.C. 227(b)(2).

35.     The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."   *See In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

36.     In their January 4, 2008 ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations.   *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

37.     By hiring a company to make calls on its behalf, Constellation Energy "manifest[ed] assent to another person . . . that the agent shall act on the principal's behalf and subject to the principal's control" as described in the Restatement (Third) of Agency.

38.     Moreover, Constellation Energy maintained interim control over the actions of Shareholder Communications.

39.     Furthermore, Constellation Energy, as it was trying to contact potential shareholders, provided Alliance Shareholder Communications with the individuals to contact with pre-recorded calls.

40.     Indeed, when Mr. Perrong contacted Alliance Shareholder Communications about the pre-recorded call, it informed him that "Constellation Energy Stock has hired Alliance Advisors, as its agent, and provided your number."

41.     Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information."   *Id.* at 6592-593 (¶ 46).  Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden

6

of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer

was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

## Class Action Statement

42.     As authorized by Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil

Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated

throughout the United States.

43.     The Class of persons Plaintiff proposes to represent include:

> All persons within the United States to whom: (a) Alliance Shareholder and/or a
> third party acting on their behalf, made one or more non-emergency telephone calls
> for Constellation Energy; (b) to their cellular telephone number or number that is
> charged per the call; (c) using an artificial or prerecorded voice; and (d) at any time
> in the period that begins four years before the date of the filing of this Complaint to
> trial.

44.     Excluded from the Class are the Defendants, any entities in which the Defendants

have a controlling interest, the Defendants' agents and employees, any Judge to whom this action

is assigned, and any member of the Judge's staff and immediate family.

45.     The proposed Class members are identifiable through phone records and phone

number databases, which are with the Defendants or their agents.

46.     The automated technology used to contact the Plaintiff is capable of contacting

hundreds of thousands of people a day, and so the potential Class members number in the

thousands, at least. Individual joinder of these persons is impracticable.

47.     Plaintiff is a member of the Class.

48.     There are questions of law and fact common to Plaintiff and to the proposed

Class, including but not limited to the following:

a.   Whether Alliance Shareholder used a pre-recorded message to make the calls at issue;

b.   Whether Constellation Energy is vicariously liable for the conduct of Alliance Shareholder;

c.   Whether the Defendants placed telemarketing calls without obtaining the recipients' valid prior express consent;

d.   Whether the Defendants' violations of the TCPA were negligent, willful, or knowing; and

e.   Whether the Plaintiff and the class members are entitled to statutory damages because of Defendants' actions.

49.   Plaintiff's claims are based on the same facts and legal theories as the claims of all class members, and therefore are typical of the claims of class members, as the Plaintiff and class members all received telephone calls through the same or similar dialing system and pre-recorded message on a cellular telephone line.

50.   Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

51.   In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

52.   The actions of the Defendant are generally applicable to the Class and to Plaintiff.

53.   Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

54.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

55.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(b)

56.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

57.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using a pre-recorded message.

58.     If the Defendants' conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

59.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using a prerecorded voice in the future.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

9

A.      Certification of the proposed Class;

B.      Appointment of Plaintiff as representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.      An award to Plaintiff and the Class of damages, as allowed by law;

G.      Leave to amend this Complaint to conform to the evidence presented at trial; and

H.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**


PLAINTIFF,
By his attorneys,


____/s/_____
John McGowan Bar ID #21477
Kinner & McGowan PLLC
413 East Capitol Street, SE First Floor
Washington, D.C. 20003
Telephone: (202) 846-7148
Email: jmcgowan@kinnermcgowan.com


____/s/_____
Anthony Paronich
PARONICH LAW P.C.
350 Lincoln Street Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Email: anthony@paronichlaw.com
Subject to *Pro Hac Vice*